**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus MEDINA–NEVAREZ, aka Pablo
Arreola–Medina, Pablito,
Defendant—Appellant.**

No. 07–10073.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2008.

Filed June 10, 2008.

Lisa Jennis Settel, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Michael S. Reeves, Esq., Law Offices of Michael S. Reeves, Phoenix, AZ, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Jesus Medina–Nevarez appeals his conviction and sentence for conspiracy to commit hostage taking, hostage taking, conspiracy to harbor illegal aliens, harboring illegal aliens, and possessing or using a firearm in connection with a crime of violence. We affirm.

We review a district court's decision on a motion for severance for abuse of discretion. *See United States v. Decoud,* 456 F.3d 996, 1008 (9th Cir.2006). The joint trial here was not so prejudicial that Medina–Nevarez was denied a fair trial, and the court did not abuse its discretion by deciding not to sever. *See id.* at 1008. The evidence of a connection between Medina–Nevarez and his co-defendant was not prejudicial in light of the strong evidence against Medina–Nevarez individually, and Medina–Nevarez himself made statements connecting him with his co-defendant. Moreover, the district court gave appropriate limiting instructions. *See United States v. Johnson,* 297 F.3d

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

845, 855–56 (9th Cir.2002). Medina–Nevarez waived his severance argument, in any event, because he failed to renew it at the close of evidence and did not pursue it with sufficient diligence. *See United States v. Vasquez–Velasco,* 15 F.3d 833, 845 (9th Cir.1994); *United States v. Plache,* 913 F.2d 1375, 1379 (9th Cir.1990).

We review de novo whether a prosecutor's proclaimed reason for exercising a peremptory challenge provided an adequate race-neutral explanation. *United States v. Steele,* 298 F.3d 906, 910 (9th Cir.2002); *see also Batson v. Kentucky,* 476 U.S. 79, 97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The reasons given by the prosecutor were race-neutral.

■ We review the district court's findings of fact for clear error. *United States v. Annigoni,* 96 F.3d 1132, 1136 n. 3 (9th Cir.1996) (en banc). Medina–Nevarez appears to contend that the district court never ruled on the prosecutor's facially race-neutral explanations for the challenges to jurors 10 and 18. Although perhaps the ruling was not as explicit as it could have been, it is apparent to us that the court accepted the explanations, and they had sufficient support in the record to survive clear error review. The explanations were plausible under the circumstances. The district court did not clearly err in finding that the prosecution did not exercise its peremptory challenges in a racially discriminatory manner.

■ We review a district court's denial of a motion for mistrial for abuse of discretion. *See United States v. Hagege,* 437 F.3d 943, 958–59 (9th Cir.2006). Officer Dugan's testimony implying that a rape or sexual assault had occurred and Agent Bourrian's testimony that law enforcement officers had interviewed Medina–Nevarez for possibly an hour about events or conduct other than the smuggling operation were not so prejudicial that they tainted the verdict. *See United States v. Sarkisian,* 197 F.3d 966, 981 (9th Cir.1999). The evidence against Medina–Nevarez was strong. Two victims identified Medina–Nevarez in open court and testified as to his role in the violent smuggling and hostage-taking operation. Medina–Nevarez himself admitted that he was present at the stash house and that five of the aliens "belonged" to him. In light of this evidence, it is simply implausible that the testimony in dispute affected the outcome of Medina–Nevarez's trial. While the district court did not give a specific cautionary instruction, Medina–Nevarez did not seek one and admits that a cautionary instruction would have caused more harm than good, which implies that the defense recognized that the jury was not focused on the offending testimony. Accordingly, the district court did not abuse its discretion in denying Medina–Nevarez's motion for a mistrial.

■ The number of illegal aliens found at the stash house and whether they were vulnerable are questions for the sentencing court, not the jury, because they did not increase Medina–Nevarez's sentences above the relevant statutory maximums. *See United States v. Booker,* 543 U.S. 220, 231, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court did not abuse its discretion in finding that there were fifty-four hostages or that they were vulnerable.

**AFFIRMED.**